JOSEPH E. DOHERTY & others *vs.* MERCANTILE TRUST COMPANY & others.

Suffolk. December 11, 1903. — January 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Corporation. Equity Jurisdiction.*

A stockholder, bringing a bill in equity to enforce rights of the corporation for its benefit, must show that he submitted to the directors the facts on which his bill is based, or show reason for not doing so. In such a case a naked request to the company to institute the proceedings is not sufficient.

LORING, J.   This is a bill in effect to enjoin the Mercantile Trust Company of New York from selling certain shares in the capital stock of the Boston Gas Light Company, the South Boston Gas Light Company, the Roxbury Gas Light Company and the Bay State Gas Light Company of Massachusetts.   The bill was filed on January 30, 1903, and the sale is alleged to have been advertised to take place on the tenth day of February then next ensuing.   The shares of the four Massachusetts gas companies in question were pledged with the trust company by one Addicks and one Dillaway, under two tripartite indentures dated January 1, 1889, to secure an issue of $12,000,000 Boston United Gas bonds, first series, and an issue of $4,000,000 Boston United Gas bonds, second series, some of which are outstanding.   On March 13, 1889, Addicks and Dillaway sold and transferred these shares of stock to the Bay State Gas Company of New Jersey, subject to the pledge to the trust company, in consideration among other things of nine thousand nine hundred and fifty fully paid shares of the capital stock of that corporation.   The capital stock of that corporation consisted of ten thousand shares.   On August 9, 1889, Addicks and Dillaway sold and transferred to the Bay State Gas Company of Delaware the nine thousand nine hundred and fifty shares of stock in the New Jersey corporation mentioned above, for $5,000 in cash and nineteen thousand nine hundred and fifty fully paid up shares of that corporation.   In the indentures of January 1, 1889, to which it was a party, the New Jersey corporation agreed to pay to the trust company any sum necessary to make up the interest, the sinking fund and other payments due under said indentures; and by an agreement between the New Jersey company and the Delaware company dated April 9, 1890, the Delaware company agreed to pay the New Jersey company the sums necessary to enable it to perform that covenant, and the New Jersey company assigned to the Delaware company any sums to which it might become entitled during the terms of the bonds aforesaid, as dividends on the stocks of said four Massachusetts gas companies.

The bill alleges a conspiracy to defraud the stockholders of the Delaware company of their interest in the four Massa-

chusetts companies. The means of carrying this fraud into effect alleged in the bill were the omission to declare dividends although the earnings quite justified them, the creation thereby of a default and a foreclosure sale by the trustee of these shares of stock.

This suit is brought by persons who claim to be stockholders in the Delaware company. The case was sent to a master. When the plaintiffs' evidence in support of their right to maintain the bill had been put in, the defendants requested the master to report the facts on that point, and on the master's making a preliminary report on those facts they moved the court to dismiss the bill, on the ground that for various reasons stated in the motion it could not be maintained by the plaintiffs in its present form. The motion was overruled by the Superior Court and the question is here on a report as to the correctness of that interlocutory order.

It is enough to dispose of the interlocutory order that no proper steps were taken by these plaintiffs to get the Delaware corporation to bring a bill to enforce the rights which the plaintiffs are seeking to enforce in behalf of that corporation.

The rights which the plaintiffs seek to enforce are the rights of the Delaware corporation in the stock of the four Massachusetts gas companies mentioned above. The Delaware company had the right during the term of the gas bonds mentioned above to receive from the Mercantile Trust Company all surplus dividends of the four Massachusetts gas companies. This right was given to the New Jersey corporation by the tripartite indentures of January 1, 1889, and assigned by the New Jersey corporation to the Delaware corporation by the agreement of April 9, 1890. It had also an interest in these shares by reason of its being at least the beneficial owner of nine thousand nine hundred and fifty out of ten thousand shares in the capital stock of the New Jersey corporation which owned the shares of the four Massachusetts gas companies in question subject to the pledge. And the Delaware company, whose rights the plaintiffs now before the court seek to enforce, had the right to prevent a foreclosure sale by advancing to the New Jersey company the money necessary to keep the pledge good, to be by it used for that purpose.

The New Jersey company was bound so to use it by the terms of the agreement of April 9, 1890, and the New Jersey company had the right and owed the duty of advancing these sums under the tripartite agreement of January 1, 1889.

There is no allegation in this bill and no evidence was introduced at the hearing that the directors of the Delaware company were parties to the fraud set up in the bill, or that for other reasons the plaintiffs were excused from making the proper effort to get them to enforce the rights of the Delaware company which they were elected to enforce and care for. All that the plaintiffs did to set the corporation in motion was to serve on one Donahue in Boston a letter to the "Bay State Gas Company of Delaware and to the President and Board of Directors of said corporation," and to mail the same letter addressed to the "Bay State Gas Co. of Delaware, J. Edw. Addicks, Wilmington, Delaware." Donahue was the secretary of the company in Boston, and the letter was served on him on January 24, 1903. The letter sent to the company at Wilmington was received by the assistant secretary of the corporation on January 28, 1903. No answer had been received from the letter when the suit was begun on January 30, 1903.

It is not necessary to go further in pointing out that this is not enough than to state that the letter is a naked request to the company to institute proceedings to stop the sale of the shares of stock of the four Massachusetts gas companies without stating or referring to the facts alleged in the bill or any facts at all on which such a bill could be founded. For all that appears the directors of the Delaware company were honest men, anxious and willing to protect the rights of the Delaware company, and if they had been informed of the facts set forth in this bill and satisfied of their truth, would have brought a bill to prevent the sale.

It is not enough to enable a stockholder to bring a bill to enforce in behalf of a corporation the rights which, if successful, will enure to the corporation, to make a naked request that such a bill should be brought without submitting to the directors the facts on which it could be maintained. See *Brewer* v. *Boston Theatre*, 104 Mass. 378; *Dunphy* v. *Traveller News-*

*paper Association,* 146 Mass. 495 ; *Dillaway* v. *Boston Gas Light Co.* 174 Mass. 80. See also *Hawes* v. *Oakland,* 104 U. S. 450.

*Bill dismissed with costs.*

*C. O. Engstrom,* (*F. J. Humphrey* with him,) for the plaintiffs Doherty, Egan and Devine.

*H. Dunham,* (*H. D. Yeaton* with him,) for intervening plaintiffs.

*J. L. Thorndike,* for the Boston Gas Light Company and others.

*F. E. Snow,* for Kidder, Peabody and Company.