RICHARD SIEGMAN

*v.*

RUDOLPH H. KISSEL et al.

[Decided February 19th, 1906.]

The Corporation act (*P. L. 1896 p. 286*) provides that no corporation shall make dividends except from the surplus or net profits, and that directors, under whose administration a violation of the statute may occur, shall be liable to the corporation and to its creditors.—*Held*, that where a director of a corporation voted for the payment of a dividend, knowing that it was to be paid from capital, the mere fact that a committee appointed by a new board of directors, and the board itself, and a majority of the stockholders, deemed an action against the director in question "inexpedient," was no bar to the maintenance of an action against him by a stockholder.

*Mr. Richard V. Lindabury,* for the complainant.

*Mr. James E. Howell,* for the defendants.

STEVENS, V. C.

The question raised by the plea has been very recently twice considered—first, by Vice-Chancellor Garrison, in *Groel* v. *United Electric Co., 69 N. J. Eq. (3 Rob.) 397,* and then by Judge Lanning, in *Siegman* v. *Electric Vehicle Co., 140 Fed. Rep. 117.* In both cases the plea was overruled. The case in the United States circuit court is identical with the one in hand. Were it not that an appeal is to be taken, I should not think it necessary to write an opinion. As it is, I shall state, as briefly as possible, the ground upon which I think the suit is sustainable.

The complainant bases his case upon section 30 of the Corporation act, which provides that no corporation shall make dividends except from the surplus or net profits arising from its business, and that in case of a violation of the provision the directors under whose administration the same may happen

"shall be jointly and severally liable at any time within six years after paying such dividend to the corporation and to its creditors in the event of its dissolution or insolvency." In *Appleton* v. *American Malting Co., 65 N. J. Eq. (20 Dick.) 375,* the court of errors and appeals construed this provision and held that it gave a remedy not only in cases of insolvency or dissolution, but also in cases where the company was going and solvent.

The bill alleges that on April 1st, 1889, the board of directors of the Electric Vehicle Company declared a dividend of eight per cent. on the preferred stock and two per cent. on the common stock, and that these dividends aggregated $184,800, and that on June 30th, 1899, they declared a further dividend of $140,000. It then alleges that the defendant Rudolph H. Kissel, a director of the company, at meetings of its directors, voted to declare said dividends, and that the same, to the knowledge of Kissel, were declared and paid, not out of the surplus or net profits, but out of capital. Under the decision above cited, Kissel thus became liable to make them good. Now, the plea does not deny these allegations. What it sets up, and all that it sets up, is this: That after the declaration and payment of these dividends, an entirely new board of directors was chosen; that such board, after being requested to sue, appointed a committee to examine and report upon the matter; that the committee reported against bringing suit, and that the board, after examination, approved the report and adopted a resolution that the company should not sue unless a majority in interest of the stockholders, other than the former directors, so ordered; that at the demand of complainant a meeting of stockholders was called, at which complainant was represented, and that by a vote of one hundred and twenty-four thousand seven hundred and fifty-nine to six hundred and fifty it was resolved by them that no just ground for suit against the former directors existed, and that, it not being expedient or for the interest of the company to bring suit, the action of the directors in refusing to do so was ratified and approved.

This plea does not deny that the dividends in question were declared and paid out of capital, and that Kissel knew that they were. Consequently it does not deny that there was a clear

cause of action against Kissel for $324,800. All that it sets up in excuse or justification for not bringing suit is that the present directors and a large majority of the stockholders now think that no *just* ground exists therefor, and that it is not for the interest of the company to prosecute. In other words, admitting that, under the statute, Kissel is liable to refund the money, it is not thought fair to him or expedient for the company to enforce the liability. Now, as I understand the decisions, and as Judge Lanning, on an identical state of facts, decides, neither of these reasons is good as against dissenting stockholders.

In *Dunphy* v. *Travellers' Newspaper Association, 146 Mass. 495,* the court said that it is not always best to insist upon all one's rights; that a corporation, acting by its directors or by vote of its members, may properly refuse to bring a suit which one of its stockholders believes should be prosecuted, and that in such case, the will of the majority must control; but they add, "the court cannot interfere with the management of corporations in matters which are properly within their discretion, *so long as their discretion is fairly exercised.*"

In *Corbus* v. *Alaska Treadwell Gold Mining Co., 187 U. S. 455,* Mr. Justice Brewer says: "This court will examine the bill in its entirety and determine whether under all the circumstances the plaintiff has made such a showing of wrong on the part of the corporation or its officers and injury to himself as will justify the suit. The directors represent all the stockholders, and are presumed to act honestly and according to their best judgment for the interest of all. Their judgment as to any matter lawfully confided to their discretion may not lightly be challenged by any stockholder or at his instance submitted for review to a court of equity. The directors may sometimes properly waive a legal right vested in the corporation in the belief that its best interests will be prompted by not insisting on such right. They may regard the expense of enforcing the right or the furtherance of the general business of the corporation in determining whether to waive or insist upon the right. As was said in *Dodge* v. *Woolsey, 18 How. 344,* "the circumstances of each case must determine the jurisdiction of a court of equity to give the relief sought."

In the *Corbus Case* the relief was denied. In the *Dodge* v. *Woolsey Case* it was granted under the following circumstances: Woolsey was a shareholder in the Branch Bank of Cleveland. The bank was incorporated under an act of the State of Ohio, which provided that it should be taxed in a certain mode. It was subsequently sought to impose a greater tax. The contention on behalf of the bank was that the first act constituted a contract on the subject of taxation which the subsequent legislation impaired, and such was the view taken by the supreme court. The directors, it was alleged in the bill, had been requested by Woolsey to take measures, by suit or otherwise, to assert the franchises of the bank against the collection of the unconstitutional tax, and while admitting the illegality of the tax, had refused, "because of the many obstacles in the way of testing the law in the courts of the state." Although the case was devoid of any element of *ultra vires,* fraud or oppression, the supreme court held that the suit was maintainable. In other words, the constitutional right to protection against the imposition of a further tax being adjudged, the stockholder was permitted, as the representative of the company, to override the judgment of the directors on the question of the expediency of testing the right in the courts.

This case appears to me to control the decision of the case in hand. We must, as the pleadings stand, regard the right of recovery against Kissel to be clear, for, as I have said, it is expressly averred in the bill that he knew that the dividends were all paid out of capital, and, notwithstanding this knowledge, voted for their payment. This makes a perfectly clear case against him, however the matter may stand as to the others. The fact that a committee of the directors may have thought that as to the liability of the directors generally in office when the dividends were declared there might be some doubt or question is immaterial, for, taking the facts to be as alleged by the bill and not denied by the plea, this doubt does not extend to Kissel. Then the only other ground assigned for not suing is found in the bare statement that suit is inexpedient. But if the circumstances of each case are to determine the question of jurisdiction, then, the right being clear, it ought to appear *why*

it is inexpedient.   If Kissel be solvent (and there is no intima-
tion of insolvency), and if the right to recover so large a sum
($324,000) be undoubted, some good reason should be given for
not suing.   But no reason whatever is given.   The case, there-
fore, as it now stands, must be regarded as falling rather within
the ruling of *Dodge* v. *Woolsey, 18 How. (U. S.) 344,* than
within that of *Hawes* v. *Oakland, 104 U. S. 450,* and *Corbus* v.
*Mining Company, 187 U. S. 455.*