RALPH S. BARTLETT & another, trustees, *vs.* NEW YORK, NEW HAVEN, & HARTFORD RAILROAD COMPANY & others.

Suffolk.    December 12, 1916. — May 3, 1917.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice*, Amendment under Equity Rule 25. *Equity Jurisdiction*, Suit by minority stockholders in corporation to procure enforcement of liability of directors. *Corporation*, Liability of directors.

Under Equity Rule 25 of the Supreme Judicial Court, an amendment to a bill in equity in the nature of a supplemental bill must be in support of a ground for relief existing when the original bill was filed.

Where a demurrer to a suit in equity by minority stockholders in a corporation to procure the enforcement of an alleged liability of certain directors to the corpora-

tion was sustained on the ground that it contained no allegations of a reasonable application to the directors of the corporation to institute proceedings to enforce such liability or of facts showing that such an application would have been useless, an amendment under Equity Rule 25 of the Supreme Judicial Court in the nature of a supplemental bill, alleging a vote of the directors passed six months after the filing of the original bill that no suits be brought against any directors of the corporation upon any of the grounds set forth in that bill and also alleging a vote of the stockholders at a meeting held nine months later refusing to instruct the directors to bring suits for restitution against certain of the former directors, does not cure the defects in the original bill, because such facts, even if they afford ground for bringing a new bill, *do not make good a bill* which thus amended shows no ground for relief existing when the bill was filed.

In the suit above described it also was *held* that the votes of the directors and of the stockholders set forth in the amendment above described, if considered, failed to show that it would have been useless before the original bill was filed for the plaintiffs to have made application to the then existing board of directors or to the stockholders to protect the interests of the corporation.

BILL IN EQUITY, filed in the Supreme Judicial Court on July 17, 1914, by certain stockholders in the defendant corporation in behalf of themselves and all other stockholders who might join, to enforce liabilities alleged to have accrued in favor of the corporation against some of its present and former directors.

The averments of the first paragraph of the bill were as follows: "The plaintiffs . . . bring this suit in order to enforce certain liabilities which they are informed and believe have accrued in favor of the corporation against certain of its present and former directors, which claims said directors and the corporation have hitherto failed and neglected and now decline to prosecute. They bring this suit in behalf of all the stockholders of said corporation who may desire to join therein and become parties thereto."

The fourth prayer of the bill was as follows: "4. That upon hearing an account be taken of the amount or amounts legally due from the defendants or each or any of them to the corporation defendant, and that a decree be entered ordering and requiring the payment to the corporation of the amount or amounts thus found due."

The demurrers of the defendants, founded on the omission of the plaintiffs to aver that the directors had failed to act after a reasonable demand made upon them or that such a demand would have been useless, were sustained by this court in a decision reported in 221 Mass. 530.

Afterwards the plaintiffs were permitted twice to amend their bill as described in the opinion and the several defendants demurred to the bill as finally amended.   The alleged substance and effect of the amendments were set forth in the supplemental brief for the plaintiffs at the argument before this court as follows:

"The opinion [221 Mass. 530] holds that the averments of the original bill were insufficient; that minority stockholders before they have a right to proceed in the name of the corporation must show either that the directors have refused or failed to act after a reasonable demand made upon them, or that such demand would have been useless; that the plaintiffs had failed to comply with this requirement in two particulars:

(1) That the filing of the bill a week after the demand made upon the directors did not give them a reasonable time in which to act, either by instituting proceedings or refusing to do so, and that the bill therefore did not show that the directors had really refused to act.

(2) That the bill did not show that it would have been useless to ask the directors or the corporation to act.

"The amendments meet these requirements in two ways:

First: By showing that the directors and subsequently the stockholders have now expressly refused to bring suit or authorize suit to be brought in the name of the corporation.

Second: By showing that the directors knew the facts constituting the cause of action against the defendants for a long time prior to the filing of the bill, and had failed to act, and that therefore any attempt to move them was a useless formality.

"These additional averments meet both objections to the original bill:

(1) They show that the directors and stockholders have refused to act.

(2)· They show that any application to the directors before the filing of the original bill would have been useless.   This fact is shown, not only by the additional allegations in regard to the previous knowledge of the directors, but by the fact that a short time after the filing of the original bill the directors did in fact refuse to bring any suit, and by all the other subsequent facts showing their attitude in the matter."

The case came on to be heard upon the demurrers to the bill as

amended, and also upon other pleadings and proceedings which now have become immaterial, before *Crosby*, J., who, being of opinion that the questions raised should be determined by the full court, reserved the case for such determination.

Equity Rule 25 of the Supreme Judicial Court is as follows: "When the circumstances of the case are such as to require a bill of revivor, or supplemental bill, or bill in the nature of either or both, or the joinder of additional or different parties, the requisite allegations may be made by way of amendment to the original bill; and, after service on any new parties, as in the case of an original bill, and service of copies of the amendments on all the defendants affected thereby, shall entitle the plaintiff to proceed as on an original bill."

*W. R. Sears & A. Lincoln,* for the plaintiffs.

*J. L. Thorndike,* (*R. S. Wilkins* with him,) for the New York, New Haven, & Hartford Railroad Company.

*C. H. Choate, Jr.,* (*F. H. Nash* with him,) for the defendants Mellen and Pratt.

*E. A. Whitman,* (*E. H. Green* of New York with him,) for the defendants Skinner, Brooker and Elton.

*C. A. Hight,* for the defendant Rockefeller.

DE COURCY, J. 1. Demurrers to the original bill of July 17, 1914, were sustained, first, on the ground that the bill did not allege reasonable application to the directors to institute proceedings for the recovery of the losses suffered by the corporation. *Bartlett* v. *New York, New Haven, & Hartford Railroad,* 221 Mass. 530. The plaintiffs contend that this objection has been met by the allegations of their amended bill of July 31, 1915, and the subsequent amendment of January 28, 1916. So far as these allegations relate to facts existing when the original bill was filed, they add nothing that removes this objection to the plaintiffs' right to sue. The new allegations relied on by the plaintiffs are of facts which have occurred since the filing of the original bill. They are contained mainly in paragraphs 15, 16a, 16b, and 16c; and set out especially the vote of the directors in January, 1915, that no suits be brought against any directors of the company upon any of the grounds presented in the original bill of these plaintiffs; and the proceedings connected with the stockholders' meeting of October, 1915, including the vote refusing to instruct

the directors to bring suits for restitution against certain former directors.

The plaintiffs seek to avail themselves of these matters, which occurred since the original bill was filed, by means of an amendment under Equity Rule 25, in the nature of a supplemental bill. It is well settled that the function of such a supplement is to support a cause of suit existing when the original bill was filed. Matters subsequently occurring and relating to the right set up in the original bill can thus be availed of, and the relief adapted to the existing circumstances. For instance, where additional obligations accrue, or further instalments become payable from the defendant while the suit is pending. *Bauer* v. *International Waste Co.* 201 Mass. 197. *Fordyce* v. *Dillaway,* 212 Mass. 404. *Collins* v. *Snow,* 218 Mass. 542. Or, where, pending a suit to compel the discharge of a mortgage, the property is sold under a prior mortgage in circumstances entitling the plaintiff to further relief. *Page* v. *Franklin,* 214 Mass. 552, 556. But, as was said in *McMurtrie* v. *Guiler,* 183 Mass. 451, 454, "It is well settled that if a plaintiff at the time when he files his bill has no cause of action he cannot file a supplemental bill to maintain his suit upon a cause of action that accrued afterwards, even though it may have arisen out of the same transaction." To quote the words of Turner, L. J., in *Attorney General* v. *Corporation of Avon,* 3 De G., J. & S. 637, 650, "The principle would seem to be this, that there must be a right of suit when the suit is commenced, and a supplemental bill is not the commencement but the continuance of the suit." *Pinch* v. *Anthony,* 10 Allen, 470. *Nichols* v. *Rogers,* 139 Mass. 146, 150. *Bernard* v. *Toplitz,* 160 Mass. 162. *Birmingham* v. *Lesan,* 77 Maine, 494. *McCullough* v. *Colby,* 4 Bosw. 603. *Brownback* v. *Keister,* 220 Ill. 544. *Mellor* v. *Smither,* 114 Fed. Rep. 116. In *Hill* v. *Fuller,* 188 Mass. 195, relied on by the plaintiffs, the plaintiff who sued for contribution had paid more than his share of the joint debt before suit, and had a cause of action (*Ex parte Gifford,* 6 Ves. 805, 808); and subsequent events, stated in the amendment, showed that he had paid all that ever could be claimed, as the balance was barred by the statute of limitations while the suit was pending. And in *First Baptist Church of Sharon* v. *Harper,* 191 Mass. 196, cited by them, the plaintiff was in possession with an equitable title to the land, under a deed made by

authorized trustees in their own name instead of in the name of the corporation; and was only allowed to allege in a supplemental amendment a confirmatory deed by the corporation.

As was pointed out in the earlier opinion (221 Mass. 530) and had been said in effect in numerous earlier decisions in this Commonwealth the plaintiff stockholders have no personal right of action against directors for the alleged wrongs suffered by the corporation. Their right to prosecute the case in the interest of the corporation, so far as it is based on the refusal of the directors to act after a reasonable demand upon them, did not come into existence until such refusal. They could have availed themselves of this cause of action by bringing a new bill after the right of action arose, but not by amending a bill that was filed when they had no cause of action. It is elementary that their right of action must exist before suit can be brought to enforce it.

2. While the bill was based mainly on the refusal of the directors to take action, the plaintiffs incidentally claimed the right to enforce the corporation's alleged cause of action on the ground that it would have been useless for them to make application to the directors before beginning the suit. On this second point the court said in the leading case of *Brewer* v. *Boston Theatre,* 104 Mass. 378, 387: "A formal application and refusal need not be alleged, if enough appears to show that such an application would be unavailing. When the directors themselves are the parties charged with the wrong, or by whose fraud or wilful collusion the wrong has been accomplished, and the suit is to be brought against them, they are, by the very nature of the case, incapacitated for the service of representing the corporation in any action for the restoration of its rights, whether by suit or proceeding *in pais.* If the corporate action is under the control of such parties, it is a sufficient reason of necessity to warrant proceedings by suit in the name and behalf of the individual stockholders." In the previous opinion the Brewer case was referred to at length, and the rule of law applicable to the present issue was stated as follows: "A bill may be maintained by a stockholder in behalf of the corporation to redress wrongs done to it without making any demand upon the directors or upon the stockholders to cause the corporation itself to institute proceedings, provided it appears by appropriate allegations that that would have been an idle ceremony. The law

in this regard is settled.   The allegations of the bill must be certain and unmistakable in setting forth facts which show that it would have been useless to ask the directors or the corporation to act.   Generalities unaccompanied by specific and definite facts are not enough."   *Bartlett* v. *New York, New Haven, & Hartford Railroad,* 221 Mass. 530, 534.   This also was but a restatement of previous adjudications.

The original bill when tested by this rule was held to be fatally defective.   The new allegations in the amended bill addressed to this point fail to impeach the board of directors in office when the suit was brought, and of whom only ten of the twenty-three were directors at the time of any of the acts complained of.   The allegations of paragraphs 14 and 16c so far as applicable to the directors who were in office in July, 1914, are not statements of definite facts, but conclusions and generalities.   For instance, the averment "that at least for more than a year prior to the filing of said original bill they had knowledge concerning the rights of the defendant corporation as set forth herein," and yet intentionally failed to enforce said rights, presumably refers to the manifold and complicated transactions to be found in the Validation Report, the Reports of the Interstate Commerce Commission, and other exhibits set forth or mentioned in the bill.   And as it is alleged that, "The acts complained of in this bill occurred several years ago," apparently most of the 1914 board were not directors at the time.   The allegations of the final paragraph are of the most general nature, and to quote from the former opinion, are "not the equivalent of saying that the majority refuses to act in the interests of the corporation by reason of tainted subserviency, or that it endeavors intentionally and intelligently to screen the guilty directors from their just responsibility to the corporation or that otherwise it is faithless to the trust resting upon directors."   If in this connection we may consider facts which have occurred since the bill was filed, the fact that in January, 1915, the directors after consideration voted not to bring suits against the former directors, has little bearing on the alleged uselessness of applying to the board in July, 1914, when the original bill was filed.   The twenty-three directors alleged to be then in office included ten of the fourteen individual defendants; but only two of these defendants were re-elected directors at the annual meeting in October,

1914. Nor can the plaintiffs' right to prosecute this suit against former directors be based upon the deliberate and decisive vote of the stockholders, in October, 1915, refusing to authorize such action. It may be that such a vote would not validate the *ultra vires* acts complained of; but it falls far short of showing that in July, 1914, a majority of the directors were in collusion with wrongdoers, and that it would have been useless for the plaintiffs to make application to them to protect the interests of the corporation.

We are constrained to say that the allegations of the amended bill are not sufficient to entitle the plaintiff stockholders to enforce the corporation's alleged cause of action; and for this reason the demurrers of the individual defendants must be sustained. There is no occasion at this time to consider the right of the corporation itself to sue the defendants, or to pass upon the other questions that have been argued.

*Demurrers sustained.*