HAGOP SOGHOMONIAN & others *vs.* THOMAS GARABEDIAN & others.

Worcester.   November 27, 1918. — December 31, 1918.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Corporation,* Stockholder's remedy, Suit by judgment creditor. *Equity Jurisdiction,* To set aside corporate mortgage, Plaintiff must come into court with clean hands, Bill by judgment creditor of corporation. *Wrongdoer without Remedy.*

A suit in equity by stockholders in a corporation to restrain the foreclosure of certain mortgages executed by the corporation on the ground that the execution of the mortgages was not authorized by a proper vote of the directors cannot be maintained without alleging and proving that the plaintiffs first sought in vain to obtain relief through a suit brought by the corporation itself or alleging and proving a valid excuse for not doing so:

A judgment creditor of a corporation cannot maintain a suit in equity to restrain the foreclosure of certain mortgages executed by the corporation on the ground that the execution of the mortgages was not authorized by a valid vote of the directors, where it appears that the plaintiff had full cognizance of and acquiesced in the execution of the mortgages in controversy and also that he obtained his judgment by misleading the officers of the corporation and preventing them from contesting the action in which he obtained it.

BILL IN EQUITY, filed in the Superior Court on April 20, 1917, by three stockholders in the Northern Brass Company, a corporation, one of whom, the plaintiff Boyajian, was alleged also to be a judgment creditor of that corporation, against five other stockholders in the corporation, two of whom were directors, seeking to restrain the foreclosure of certain mortgages executed by the corporation, as described in the bill, to cancel those mortgages and for an accounting, on the ground that the mortgages

in question were not authorized by a valid vote passed at a proper meeting of the board of directors of the corporation.

The case was referred to an auditor, who filed a report containing, among other findings, those that are stated in the opinion. Later the case was heard by *J. F. Brown*, J., who made a memorandum of decision as follows: "It not appearing that the Northern Brass Company, the mortgagor in the two mortgages in question, has acted in the matter or has been requested to act and has refused to act, I am of the opinion that these plaintiffs cannot maintain their bill. Let a decree be entered dismissing the bill with costs."

Later by order of the judge a final decree was entered in accordance with the memorandum of decision dismissing the bill with costs. The plaintiffs appealed.

*A. Monroe*, for the plaintiffs, submitted a brief.

No brief was filed for the defendants.

DE COURCY, J. The plaintiffs are stockholders in the Northern Brass Company, and brought this suit to restrain the defendants from foreclosing two mortgages held by them on the real and personal property of that corporation. The bill alleges that the meeting of the directors at which the mortgages were authorized was not a legal one, and that the mortgages as executed were not authorized by the votes that were passed. The trial judge dismissed the bill on the ground that the mortgagor, the Northern Brass Company, had not acted nor been requested to act in the matter.

The judge was right. The remedy should be sought and recovered by the corporation which suffered the wrong complained of. It does not appear that the plaintiffs have made any effort to obtain relief through the corporation itself, nor do they allege or prove a legal excuse for not doing so. *Bartlett* v. *New York, New Haven, & Hartford Railroad*, 221 Mass. 530; *S. C.* 226 Mass. 467.

The plaintiff Boyajian also alleges that he is a judgment creditor of the corporation. The bill was not demurred to as being multifarious. It appears from the master's report not only that Boyajian had full cognizance of and acquiesced in the execution of the mortgages in controversy, but that he obtained his judgment by misleading the officers of the corporation and prevent-

ing them from contesting his action. The question of his right to maintain the bill as a judgment creditor apparently was not urged in the Superior Court. But assuming that it is properly before us, it is enough to say that on the facts found by the master he would be estopped from maintaining this bill, even if otherwise entitled to recover.

*Bill dismissed with costs.*