HARRY TYMCHUK & others *vs.* ST. NICHOLAS RUSSIAN BENEFIT SOCIETY, INC. & others.

Essex.   December 11, 1929. — January 2, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction*, Stockholders' bill. *Corporation*, Stockholder, Officers and agents.

The bill in a suit in equity, by an officer and other members of a corporation against the corporation and other officers thereof, contained allegations that the individual defendants had conspired with a minority of the members to change the place of the members' meetings, unlawfully had taken possession of the books, records, papers, money and property of the corporation and struck the plaintiffs' names from its rolls, and had refused to appear and " preside as officers " at meetings of the corporation held by the plaintiffs with a majority of the members at the usual place for meetings; and that the plaintiffs had exhausted their right to obtain relief within the corporation. A demurrer to the bill was sustained. *Held*, that

(1) The last mentioned allegation in the bill was insufficient: the plaintiffs should have alleged specifically what they had done within the corporation to protect their rights;

(2) It did not appear that the individual defendants were so in control of the corporation that the plaintiffs were justified in seeking the aid of a court of equity to protect their rights as minority members;

(3) The allegations of the bill did not show that the individual defendants had taken possession of the records and property of the corporation improperly;

(4) The demurrer properly was sustained.

BILL IN EQUITY, filed in the Superior Court on July 21, 1927, and described in the opinion.

The defendants demurred.   The demurrer was heard by *Weed*, J., by whose order an interlocutory decree was entered sustaining it, with leave to amend within ten days.

No amendment having been made, a final decree dismissing the bill was entered by order of *F. T. Hammond,* J.  The plaintiffs appealed from both decrees.

*E. Z. Dymsza,* for the plaintiffs, submitted a brief.

*W. H. McSweeney,* for the defendants.

SANDERSON, J.  The plaintiffs appealed from an order sustaining a demurrer to a bill in equity brought by certain members of the defendant corporation against the corporation itself and four of its officers.  The bill alleges that the defendants, with a minority of the members of the corporation, conspired to change the meeting place of the society without a vote, in disregard of the provisions of the constitution and by-laws; that they gave notice that the next meeting would be held in the society's club rooms in another part of the city from that in which the meetings had been held, that the date of the meetings would be changed, and all members were invited to attend at the new place of meeting; that they unlawfully took possession of the books, records, papers, money and property of the society, and fraudulently made false entries in the books to the effect that a vote had been taken changing the place of meeting; and that they sent no notice of meetings to the plaintiffs. The bill further alleges that the plaintiffs, with a majority of the members, continued to meet at the usual meeting place on the dates on which meetings had theretofore been held, and one of the plaintiffs, who is vice-president of the society, has presided at these meetings in accordance with authority vested in him by the by-laws; that the plaintiffs have requested the defendants to appear at the meetings and "preside as officers," but this invitation has not been accepted, and the defendants have refused to agree upon a committee to settle the difficulties, have refused to accept dues from the plaintiffs, and have unlawfully stricken their names from the rolls of the organization; that the plaintiffs will be deprived of valuable and substantial property rights unless the court grants relief; and that they have exhausted their rights to obtain the relief within the society.

The general allegation to the effect that the plaintiffs

have exhausted the remedies open to them within the corporation is not sufficient to show that they were justified in bringing a bill in equity. There should be some explicit statement showing what has been done within the corporation to protect their rights, or what effort has been made to set the corporation in motion to protect its own rights. *Brewer* v. *Boston Theatre,* 104 Mass. 378, 393. *Dunphy* v. *Traveller Newspaper Association,* 146 Mass. 495, 497. *Bartlett* v. *New York, New Haven, & Hartford Railroad,* 221 Mass. 530, 532, 533. It does not appear that there is any provision of the charter or by-laws which would take the control of the corporation out of the hands of the majority with whom the plaintiffs allege they are acting, or that the individual defendants are a majority of the board of directors or managing officers of the corporation. The plaintiffs do not seem to be in the position of a helpless minority asking for the intervention of the court. So far as the record discloses the officers were within their rights in taking possession of the property, and there is no allegation which would amount to a charge of fraudulent misappropriation. It is an implied condition of becoming a member of a corporation that its policy within the authority of the law is to be determined by a majority of its members unless its by-laws otherwise provide, and resort cannot be had to the court to determine its dominating policy or the details of its management. *Dunphy* v. *Traveller Newspaper Association, supra.* *Bartlett* v. *New York, New Haven, & Hartford Railroad, supra.*

> *Interlocutory decree sustaining demurrer and final decree dismissing bill affirmed with costs.*