Edward G-. Baker, J.
In an action brought for the foreclosure of a mortgage, defendants move to set aside the judgment and all proceedings in the action on the ground that same was prematurely commenced.
The action was brought for the foreclosure of a purchase-money second mortgage dated April 17, 1956, given by defendants, Saunders, to plaintiff to secure payment of an indebtedness in the sum of $3,000, with interest at 5% per annum as set forth in a bond bearing even date therewith which provided for the payment of said indebtedness and interest in the manner following:
“ One thousand ($1,000.00) Dollars minimum to be paid in each of the years ending with the 17th day of April, 1958, 1959 and 1960, together "with interest accrued to the date of such payment until the 17th day of April, 1960, when the balance of said $3,000.00 is to be paid.” The bond and mortgage provided that the whole of said principal sum should become due after default in the payment of any installment of principal or of interest for 20 days.
On the closing of title an additional $1,000 of the purchase price was paid by the execution and delivery by said defendants to the plaintiff of four promissory notes, each in the sum of $250, each dated April 17, 1956, and payable, respectively, 3, 6, 9 and 12 months after date. Payment of these notes was not secured by the aforesaid mortgage.
On May 31,1957 defendants paid to plaintiff the sum of $150. Plaintiff claims that $50 of this amount was applied by her in payment of a balance then remaining due on the aforesaid notes, and that the remainder of said amount was applied in partial payment of interest on the bond and mortgage due as of April *1086 17, 1957, thus leaving a balance of $50 due on account of such interest. Defendants dispute this claim, it being their position that the notes had been paid in full prior to May 31, 1957, and that the sum of $150 paid on that date was, or should have been, credited to interest on the mortgage debt.
The Referee’s report of amount due, which was based upon plaintiff’s own testimony, supports defendants’ position on this issue. Plaintiff testified and the Referee found that interest in the sum of $150 which became due and payable on April 17, 1958, was unpaid. There was no claim and no finding that any further sum was due for interest. Plaintiff testified: “ I was paid the interest for the first year ending April 17, 1957, but have not received any interest since that time.”
The issue on this point, assuming there is one, is unimportant on this motion. Neither the bond nor the mortgage provided for the payment of interest prior to April 17, 1958. By the terms thereof, the first installment of principal, together with interest accrued on the mortgage debt, was to be paid on that date. Any sum theretofore paid for interest was a prepayment pro tanto. No default in the payment of any installment of principal or interest could have occurred prior to April 17, 1958, since none was due.
However, on May 3,1958, four days prior to the expiration of the grace period provided in the bond and mortgage, plaintiff commenced this action. The complaint alleged failure to pay the interest which became due and payable on April 17, 1957, and the installment of principal and interest which became due on April 17,1958. The action was premature, and the infirmity was not cured by the fact that subsequent to its commencement the cause did, in fact, accrue. (Sherman v. Foster, 158 N. Y. 587.)
The defendants failed .to appear or answer. In the usual course, the action proceeded to judgment of foreclosure and sale, and the premises were bid in by plaintiff to whom the Referee delivered his deed on July 14, 1958.
Thereafter, defendants sought and obtained extensions of time to remove from the premises. During their occupancy of the premises subsequent to the delivery of the Referee’s deed, they have paid to plaintiff for use and occupancy a total of $649.50. Not once during the pendency of the action, nor at any time after the delivery of the Referee’s deed and until the making of this motion, was any question raised by them with respect to the regularity of the proceedings. They claim, however, that subsequent to the commencement of the action and *1087 prior to the expiration of the grace period, they offered to pay the installment of principal and the interest then due which offer was refused. This, the plaintiff denies.
As the court stated in Wappler v. Woodbury Co. (246 N. Y. 152, 156): “ The general rule is, even in courts of equity, that a plaintiff must have a cause of action for some relief at the commencement of his suit (Sherman v. Foster, 158 N. Y. 587, 593; Bartlett v. N. Y., N. H. & H. R. R. Co., 226 Mass. 467, 471). Such a right existing, the extent of the relief will be adapted to the situation at the time of the decree.”
As stated above, there was no cause of action at the time this action was commenced, and the fact that one accrued thereafter does not make the judgment good. In the proof before the court there is no justification for a holding that defendants ’ default was deliberate or willful, or that there was on their part any intentional relinquishment of a known right. The contrary appears to be the fact for, on May 23,1958, 20 days after commencement of the action, defendants paid to the first mortgagee the sum of $333, the amount then in arrears on the prior mortgage.
It seems clear that, until they consulted their present attorney, the defendants were unaware that the action was premature. There was no waiver ; there is no warrant in the facts for the application of the doctrine of estoppel; nor is the relief sought barred by laches.
The motion is granted to the extent that the judgment, the Referee’s deed and the order of assistance will be set aside and vacated upon condition that defendants within 5 days after entry of the order hereon, file a surety company bond in the sum of $1,000, as security for costs and disbursements, to abide the event of the action and, within such time serve and file their answer.
The order shall be settled on two days’ notice, and shall be submitted promptly.