Martin G. HALPRIN, Plaintiff, Appellant,

v.

Edwin V. BABBITT et al., Defendants, Appellees.

No. 5943.

United States Court of Appeals
First Circuit.

May 16, 1962.

Louis H. O. Fischman, New York City,
with whom Lawrence H. Adler and

Michaels & Adler, Boston, Mass., were on brief, for appellant.

Daniel Needham, Jr., and Harold Lavien, Boston, Mass., for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

■ Possibly the first question on this appeal ought to be how long counsel may back and fill before being required to square away and set a course. In this minority stockholder's suit the complaint was twice amended. Thereafter the court permitted an extended colloquy as to how a further amendment might be made, and even then counsel seemed unfamiliar with well-settled principles. The court dismissed the action. Because it is clear, however, that the dismissal was based not upon what might have been an understandable loss of patience, but upon the belief that a cause of action never could be alleged, we will consider the case as if the complaint had been amended in accordance with the colloquy, construing it as strongly as possible in plaintiff's favor, and review the principles of law announced by the court.

The single issue presented is whether the plaintiff, a holder of something less than 8 per cent of the stock of Alles & Fisher, Inc., a Massachusetts corporation complied with the necessary conditions precedent to bringing suit. Simplifying the amended complaint itself, the allegations are that the individual defendants, conspiring with the then (but not present) directors of Alles, caused Alles to engage in a number of transactions to their personal advantage and against Alles' interests; that thereafter Apollo Industrial, Inc. acquired 92 per cent of the stock of Alles; that plaintiff seeks recovery for the benefit of Alles; that no demand was made upon Alles, its officers or directors to bring the suit as it would be futile to do so because Apollo "has refused to institute this action [and] has actual control of Alles and effectively designates, elects, dominates and controls the actions of the officers and directors of Alles."

■ Pausing here, a complaint must allege with full particularity compliance with necessary conditions precedent, or their excuse. Bartlett v. New York, N. H. & H. R. R., 1915, 221 Mass. 530, 109 N.E. 452; Doherty v. Mercantile Trust Co., 1904, 184 Mass. 590, 69 N.E. 335. The plaintiff alleged an insufficient reason for failure to make a demand upon directors who had not participated in any wrongdoing. Cf. Dunphy v. Traveller Newspaper Ass'n, 1888, 146 Mass. 495, 16 N.E. 426. Nor was there a sufficient allegation as to the stockholders. The fact that the majority had "refused" to sue may merely mean a passive failure to act. It does not import receipt and rejection of a demand, or constitute an excuse for failure to make one. Cf. Bartlett v. New York, N. H. & H. R. R., 1917, 226 Mass. 467, 115 N.E. 976; Pomerantz v. Clark, D.C.D.Mass., 1951, 101 F. Supp. 341.

Prior to the obtaining of service over, or any entry of appearances for, Alles or Apollo, the individual defendants moved to dismiss because of the plaintiff's failure to allege compliance with these necessary conditions precedent. At the hearing an affidavit was filed by counsel for the plaintiff. This affidavit recited that although Apollo had refused to institute the action, its president had advised counsel that Apollo "did not oppose the institution of this action and desire[s] a determination on the merits of the issues averred in the complaint. This attitude is likewise true of Alles & Fisher, Inc., its officers and directors. I am informed that Alles & Fisher, Inc. and Apollo Industrial, Inc. will ultimately allege, in their answers, the matters stated herein." Counsel for the individual defendants stated that he construed the affidavit as meaning that the majority stockholders of Alles assented to the plaintiff's bringing suit, but argued that this did not make the action valid. The court said it construed it as meaning "no express authorization from the majority. All that can be said is that they

stand silent and smile like a Cheshire cat."

Counsel for plaintiff then stated, in amplification of his affidavit, "[Alles and Apollo] refuse to hire a lawyer, to spend the money to prosecute the action. But if there be a substantial basis, and if I am undertaking to do the work, they are satisfied to take the benefit of the lawsuit * * *. [W]hen the complaint was drawn, and exhibited to the officers of the company, and they read it thoroughly through, and I was to file a law suit, I was asked by the defendants, the corporate defendants, to hold up the law suit to give them time to talk to one of the defendants' counsel here. * * * Thereafter * * * [it was stated] that they would file an Answer which will state the very thing, that they do not oppose the prosecution of this action and its determination on its merits." Counsel added that he was promised that documents would be given him after the action commenced, and that these documents had been furnished.

When counsel had finished, the court granted the motions of the individual defendants to dismiss the action as against them, "upon the authority of S. Solomont & Sons Trust, Inc. against New England Theatres Operating Corp., 326 Mass. 99 [93 N.E.2d 241] and Pomerantz v. Clark, District of Massachusetts, 101 F.Supp. 341," and forthwith ordered judgment dismissing the complaint.

■■ Both of the cases cited by the court dealt with stockholders. Solomont held that a vote by an absolute majority, none of which had participated in the misconduct, that suit should not be brought, foreclosed the minority. Pomerantz did not involve a vote, but reiterated the familiar principle that in the absence of excuse demand must be made by the minority upon the majority. The nature and function of this demand admit of some divergence of views. See Note, Demand in Derivative Suits, 73 Harv.L. Rev. 746 (1960). We believe that the form should be a demand that the majority cause proceedings to be instituted, and that the purposes are two. The first is to permit the majority to take some sort of affirmative action itself. The second is to permit the majority to decide, as in Solomont, that no action be taken by anybody. But if the majority does neither, we do not think that the minority is powerless to proceed merely because, to quote the district court, it failed to obtain "express authorization from the majority." Such a requirement would eliminate minority suits, root, trunk and branch except where the majority had participated in the wrongdoing. We find no support for such a doctrine in Massachusetts or elsewhere. And particularly, as more clearly appeared to be the case here after the court had made this remark, can we see objection to the plaintiff's proceeding where he had received, if not express authorization, at least tacit approval. We agree that an initial demand merely requesting permission to proceed by himself at his own expense would not be enough. Cf. Warren v. Para Rubber Shoe Co., 1896, 166 Mass. 97, 107, 44 N.E. 112. But if the majority wishes to acquiesce in such a procedure, we see no reason why it may not "stand silent and smile" and permit someone else to be the cats-paw.

■ An equal and, indeed, primary requirement is a demand upon the directors to bring suit on behalf of the corporation themselves. Such demand will not be excused unless it would be "an idle form," Hayden v. Perfection Cooler Co., 1917, 227 Mass. 589, 593, 116 N.E. 871, or would be "unavailing." Brewer v. Proprietors of Boston Theatre, 1870, 104 Mass. 378, 387. The reason for the rule is that it is the corporation, and not the stockholders, that was injured. The demand must be specific. It is not enough, on the one hand, for the plaintiff to allege that the directors knew they had a right of action and have done nothing about it, Bartlett v. New York, N. H. & H. R. R., 1917, 226 Mass. 467, 115 N.E. 976; or, on the other hand, that they were requested to bring the suit, if they were not given full knowledge of the basis for the claim and full opportunity to act. Bartlett v. New York, N. H. & H.

**142**

R. R., 1915, 221 Mass. 530, 109 N.E. 452. This matter was not articulated in the district court. It is not clear from the unsatisfactory record just what transpired between the plaintiff and the Alles directors. But it is apparent that this is not a case where directors took affirmative action to prevent suit being brought. Cf. 73 Harv.L.Rev., supra, at 759. There is a clear suggestion that after demand was made upon them they, like the stockholders, were content to have the plaintiff be the one to proceed. While we do not think the directors could authorize the plaintiff to short-cut the rights of the majority stockholders, that is not the case alleged.

Since we think the court would have permitted an amendment to this effect had this matter appeared to be vital, the case will be remanded.

Judgment will be entered vacating the judgment of the district court and remanding the action to that court for further proceedings not inconsistent herewith.