636 F.Supp. 419 (1986)
In re BANKAMERICA SECURITIES LITIGATION.
Audrey KAUFMAN, on Behalf of Herself and Derivatively on Behalf of Bankamerica Corporation, a Delaware corporation, Plaintiff,
v.
Samuel H. ARMACOST, et al., Defendants.
William STEINER, on Behalf of Himself and Derivatively on Behalf of Bankamerica Corporation, a Delaware corporation, Plaintiff,
v.
Samuel H. ARMACOST, et al., Defendants.
ANTHONY TAMMARO, INC., PROFIT SHARING TRUST on Behalf of Itself and Derivatively on Behalf of Bankamerica Corporation, a Delaware corporation, Plaintiff,
v.
Samuel H. ARMACOST, et al., Defendants.
Sidney WYCENTOWSKI, On Behalf of Himself and Derivatively on Behalf of Bankamerica Corporation, a Delaware corporation, Plaintiff,
v.
Samuel H. ARMACOST, et al., Defendants.
Nos. CV 85-4779 WDK (Bx), CV 85-5928 WDK (Jrx), CV 85-5090 WDK (Bx), CV 85-4843 WDK (Bx) and CV 85-5089 WDK (Bx).
United States District Court, C.D. California.
June 10, 1986.
Arnold Levin, Levin & Fishbein, Philadelphia, Pa., for plaintiff Andrew Klein.
Joseph A. Rosenthal, Morris & Rosenthal, Pa., Wilmington, Del., for plaintiff International Apparel Associates.
Alvin J. Ivers, P.C., Philadelphia, Pa., for plaintiff John P. Green, Jr., Trustee, Testamentary *420 Trust under the will of Nettie Powell Green.
Richard D. Greenfield, C. Oliver Burt, III, Brenda M. Nelson, Greenfield & Chimicles, Haverford, Pa., for plaintiff Barbara Zarowitz.
Sherrie R. Savett, Berger & Montague, P.C., Philadelphia, Pa., for plaintiff Anthony Tammaro, Inc., Profit Sharing Trust.
Daniel W. Krasner, Jeffrey G. Smith, David A.P. Brower, Wolf, Haldenstein, Adler, Freeman & Herz, New York City, for plaintiff Elliot Dubowski.
Eugene A. Spector, Gross & Sklar, P.C., Philadelphia, Pa., for plaintiff Edward Rudolph.
Melvin Goldman, Morrison & Foerster, San Francisco, Cal., for defendants BankAmerica Corp. and Bank of America.
Douglas C. Conroy, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., Daniel F. Kolb, Scott W. Muller, Davis, Polk & Wardwell, Washington, D.C., Emmett E. Eagan, Jr., Ernst & Whinney, Cleveland, Ohio, for defendant Ernst & Whinney.
Seth M. Hufstedler, Jerome H. Craig, Evelyn Balderman Hutt Hufstedler, Miller, Carlson & Beardsley, Los Angeles, Cal., for defendants Leland S. Prussia, Samuel H. Armacost and certain other defendants.
Stuart H. Savett, Kohn, Savett, Marion & Graf, P.C., Philadelphia, Pa., for plaintiff Benjamin Raphan.
Moshe Balsam, Howard B. Sirota, P.C., New York City, for plaintiff Sidney Wycentowski.
Robert M. Kornreich, Wolf Popper Ross Wolf & Jones, New York City, for plaintiff Audrey Kaufman.
Stuart D. Wechsler, Goodkind, Wechsler, Labaton & Rudoff, New York City, for plaintiff William Steiner.
Jack Corinblit, Mark M. Seltzer, Corinblit & Seltzer, Los Angeles, Cal., for plaintiff Richard H. Oshman.
John W. Stamper, O'Melveny & Myers, Los Angeles, Cal., for certain individual defendants.
Patrick J. Mahoney, Curt Mueller, Cooley, Godward, Castro, Huddleson & Tatum, Palo Alto, Cal., for defendant Charles Schwab.

ORDER RE MOTION TO DISMISS CONSOLIDATED DERIVATIVE COMPLAINT
KELLER, District Judge.
This matter is before the Court on the Motion of the nominal defendant BankAmerica Corporation ("BAC") to Dismiss the Consolidated Derivative Complaint. Having considered the submitted materials and the arguments of counsel at the April 7, 1986 hearing on the Motion, the Court hereby ORDERS that the Motion to Dismiss is GRANTED without prejudice as to all of the charging allegations except for the allegedly improper loan practices asserted in paragraph 14 of the Consolidated Derivative Complaint. As to those allegations, the Court requires additional briefing on demand sufficiency as outlined below. This order is based on the following considerations:
1. Federal Rule of Civil Procedure 23.1 provides, in pertinent part, that the complaint in a shareholder derivative action shall "allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority ..., and the reasons for his failure to obtain the action or for not making the effort." This requirement is not merely a technical pleading hurdle; rather, it is based upon a fundamental tenet of American corporate law that places the responsibility for making decisions, including whether to instigate litigation on behalf of the corporation, squarely in the hands of the board of directors. Only when plaintiff shareholders can show that the directors cannot or will not exercise this power, is deviance from this basic principle justified under Rule 23.1. The present motion presents questions both as to when demand should be excused and what demand is sufficient to comply with this important requirement.
*421 2. Courts and commentators have expressed divergent views as to the law to be applied under Rule 23.1. Compare Lewis v. Curtis, 671 F.2d 779, 785 (3d Cir.), cert. denied, 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982) (applying state law) with Greenspun v. Del E. Webb Corp., 634 F.2d 1204 (9th Cir.1980) (applying federal law without addressing the choice of law issue) and to the same effect 7A C. Wright, A. Miller and M. Kane, Federal Practice and Procedure Section 1831 at 362 (1985 Supp.). Given the importance of the principle of state corporate law that underlies the demand requirement, the Court concludes that the substantive law of the state of incorporation should govern whether demand is sufficient or excused. Parenthetically, the Court notes that its decision in this case would not be different under the substantive federal analysis enunciated in Greenspun, 634 F.2d at 1210.
However, federal law should determine whether the plaintiffs' demand or excuse has been pled with particularity sufficient to meet the requirements of the Federal Rules of Civil Procedure. See Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 543, 104 S.Ct. 831, 842, 78 L.Ed.2d 645 (1984) (Stevens, J., concurring). This approach is consistent with the analysis employed by federal courts under the analogous particularity requirement of Federal Rule of Civil Procedure 9(b).
3. The analysis of whether demand is excused as futile in this case, therefore, initially turns to the law of Delaware, the state in which BAC is incorporated. Under the leading Delaware case of Aronson v. Lewis, 473 A.2d 805 (Del.1984), the trial court, "in the proper exercise of its discretion must decide whether, under the particularized facts alleged, a reasonable doubt is created that: (1) the directors are disinterested and independent and (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." 473 A.2d at 814; see Pogostin v. Rice, 480 A.2d 619, 624 (Del.1984) ("If the Court ... in the exercise of its sound discretion is satisfied that a plaintiff has alleged facts with particularity which, taken as true, support a reasonable doubt as to either aspect of the Aronson analysis, the futility of demand is established and the court's inquiry ends.").
4. Here, the Court finds that the plaintiffs' allegations fall well short of creating a reasonable doubt as to the first prong of the Aronson test. But, this is not the end of the inquiry. "The second, or business judgment inquiry of Aronson, focuses on the substantive nature of the challenged transaction and the board's approval thereof. A court does not assume that the transaction was a wrong to the corporation requiring corrective measures by the board. Rather, the transaction is reviewed against the factual background of the complaint to determine whether a reasonable doubt exists at the threshold that the challenged action was a valid exercise of business judgment." Pogostin, 480 A.2d at 624.
5. The plaintiffs place much emphasis on the long course of conduct allegedly implicated by the transactions described in the Consolidated Derivative Complaint. But it is in just such a situation that the particularity requirement of Rule 23.1 takes on particular importance. It may be that some of the circumstances and transactions outlined in the Consolidated Derivative Complaint constitute "rare cases" that are "so egregious on [their] face that board approval cannot meet the test of business judgment." Aronson, 473 A.2d at 814. Yet, in a case of this magnitude, the Court should not have to engage in guesswork, and Rule 23.1 insures that this need not occur. The "shorthand shibolleth[s]", 473 A.2d at 816, contained in subparagraphs 12(a)-(e) are patently insufficient to meet the particularity requirement of the federal rule. Cf. Allison on Behalf of G.M.C. v. General Motors Corp., 604 F.Supp. 1106, 1114 (D.Del.), aff'd, 782 F.2d 1026 (3d Cir.1985). Therefore, the plaintiffs must replead their complaint, and specifically identify what it is about which transactions that creates a reasonable doubt as to the applicability of the business *422 judgment rule, so as to excuse demand on the directors as futile in this situation.
6. As a policy matter, the Court has serious reservations as to the wisdom of excusing demand upon directors based upon futility. While it is often said that "the law abhors useless acts," the law occasionally overcomes its abhorrence and requires such acts in order to further more important policy goals.
Here, the rationale behind the futility exception to the demand requirement is plain: where the circumstances are such that the directors cannot be expected to initiate suit themselves, it is useless to require a demand upon them as a prerequisite to bringing a derivative action in order to protect the rights of the corporation. See 7A, C. Wright & A. Miller, Federal Practice and Procedure Section 1831 at 378 (1972) ("In some instances, requiring plaintiff to make a demand on the board of directors to take the action he desires would force him to undertake a purely ritualistic act.").
Yet, the savings of time and effort achieved in a few cases by the futility exception would seem to be significantly outweighed by the inevitable legal battles as to when it should come into play. Perhaps more importantly, basic principles of corporate governance counsel against forclosing the directors' opportunity to carry out their duties to decide whether litigation is in the best interests of the corporation, even where this may involve admitting previous failures to carry out other duties on behalf of the corporation. Where the directors cannot perform this function themselves, they may appoint an independent litigation committee. The Court refuses to presume that such committees will not fairly evaluate the merits of shareholders' claims, and judicial review remains available to ensure that this does not occur.
In short, the Court believes that, at least in the first instance, these disputes should be resolved within the corporation. Judicial intervention should be an option of last resort. However, the law is well-established in this area, and it is not for this Court to change it. Still, "Rule 23.1 exists at the threshold to prevent abuse and to promote intracorporate dispute resolution." Pogostin, 480 A.2d at 624 (referring to the Delaware rule on derivative actions).
7. In light of the competing policies involved, the plaintiffs must strictly comply with the law excusing demand, and they must plead the circumstances warranting excuse from demand with the particularity required by the Federal Rules. While the Court need not reach the issue at this time, failure to demonstrate such futility may require dismissal with prejudice, in order to deter shareholders from first suing on their own based on claims of futility and then, if unsuccessful, going back to the corporation to seek action that should have been requested in the first instance. Cf. Shlensky v. Dorsey, 574 F.2d 131, 142 (3d Cir.1978) (sufficiency of demand case concluding that allowing demand after initiation of suit would "reduce the demand requirement of the rule to a meaningless formality.").
8. Plaintiffs also allege that a demand was made by plaintiff International Apparel Associates ("IAA") on April 9, 1985, and that BAC rejected that demand by a letter dated April 22, 1985. Consolidated Derivative Complaint, para. 11. While the Court believes that this letter would otherwise constitute an adequate demand as to the loan practices challenged in paragraph 14 of the Consolidated Derivative Complaint, and that the written response of BAC's general counsel is sufficient to constitute a rejection of that demand, it is necessary for the parties to brief two additional issues before a final conclusion can be reached as to this aspect of the case. These issues are: (1) When IAA actually purchased its shares in BAC, and how it complies with the requirement of F.R.Civ.P. 23.1(1) that a derivative plaintiff be "a shareholder or member at the time of the transaction of which he complains ..."; and (2) whether the other plaintiffs can rely on IAA's demand, absent a showing of futility as outlined above. Plaintiffs are hereby ORDERED to file with the Court and serve on opposing counsel, within two weeks of the *423 date of this order, a brief memorandum addressing these two points. Defendants shall have two weeks in which to file and serve their replies, if any.
9. While the parties have not addressed the issue, the plaintiffs have not pled any demand upon the directors as to the insider trading claim against defendant Charles R. Schwab ("Schwab"), nor have they made any showing that such a demand would have been futile. In the interest of fairness, the Court will give the plaintiffs two weeks from the date of this order in which to file with the Court and serve on counsel for defendant Schwab any objections to the dismissal of Count II of the Consolidated Derivative Complaint for failure to comply with the requirements of Rule 23.1. Counsel for defendant Schwab shall have one week in which to respond thereto.
IT IS SO ORDERED.