**FUIFATU SEFO PATAU, Plaintiff**

**v.**

**ROSENDAHL CORPORATION, PTE CORPORATION, UNIVERSITY INDUSTRIES INC., and RALSTON PURINA COMPANY, Defendants**

High Court of American Samoa
Trial Division

CA No. 29-89

August 29, 1990

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and OLO, Associate Judge.

Counsel: For Plaintiff, William H. Reardon and Donald F. Hildre
For Defendant University Industries, Roy J.D. Hall Jr.
For Defendant Ralston Purina, Robert A. Dennison III

On Motion to Dismiss:

Defendant University Industries Inc. (hereafter "University") had earlier moved under T.C.R.C.P. 12(b)(2) to dismiss the complaint against it for of lack of *in personam* jurisdiction. Plaintiff, on the other hand, moved to continue the motion in order to allow him the opportunity for discovery to meet the factual issues raised by affidavits filed in support of University's motion. The continuance was granted. After the conclusion of certain depositions, University moved to reset its motion to dismiss, and the matter was duly put on calendar for hearing.[1]

University's first argument concerns the scope of the single tort provision in the territory's long arm statute[2] as a predicate for personal jurisdiction. Defendant argues that this provision applies only in cases where the tortious conduct was committed "within" American Samoa and that the acts relied upon by plaintiff as constituting actionable wrong--- namely, the defective design and manufacture of a piece of machinery--- had taken place in California. The contention here is that the statute predicates jurisdiction only upon the commission of a tortious act within

---

[1] Although the Order to continue had anticipated an evidentiary hearing (thus putting plaintiff to proving jurisdiction by a preponderance of the evidence) we opted to proceed with the motion on the basis of the written materials submitted since plaintiff had also filed a detailed written response to the factual matters raised by the motion. The court has the discretion to proceed on a T.C.R.C.P. 12(b)(2) motion either on the basis of affidavits alone or through a full evidentiary hearing on the merits. *Marine Midland Bank N.A. v. Miller*, 664 F.2d 899 (2d Cir. 1981).

[2] A.S.C.A. § 3.0103(b)(2) provides:

Any person, firm or corporation, whether or not a citizen or resident of this territory, who, in person or through an agent, takes any of the following actions, thereby submits, and if a corporation, submits its personal representative, to the jurisdiction of the courts of this territory, as to any cause of action, suit or proceeding arising out of . . . the commission of a tortious act within this territory.

97

American Samoa, whereas it does not encompass a cause of action stemming solely from an on-island injury which resulted from an off-island wrong.[3]

Secondly, University argues that it nonetheless lacks the necessary "minimum contacts" with American Samoa to support the exercise of *in personam* jurisdiction consistent with the requirements of due process.

*Facts*

At all relevant times, University, a California corporation with home offices in San Diego, undertook business as mechanical contractors involved with the design, fabrication, and installation of heating, ventilating and air-conditioning systems, plumbing and piping systems in all types of structures. As such, University was subcontracted in 1984 to install, among other things, certain piping for a conveyor system which was being installed for a Ralston Purina fish canning plant located in San Diego, California. The conveyor system essentially comprised a huge rubber-like belt on rollers designed to carry cooked tuna between a line of workers involved with separating the cooked tuna meat from the bones. University had nothing to do with the design of the conveyor system nor its fabrication, save to the extent of installing the pertinent

---

[3] This was the construction given by the courts of New York to a like tort provision in that State's long arm statute. *See Longines-Wittnauer W. Company v. Barnes & Reinecke, Inc.*, 209 N.E.2d 68 (1965 N.Y.), *cert. denied* 382 U.S. 905. "[T]he mere occurrence of injury in the State . . . cannot serve to transmute an out-of-state tortious act into one committed here within the sense of the statutory wording." *Id.* at 77. The literal reading has not gone without criticism, and it is to be noted that the rule in *Longines-Wittnauer* was repudiated the following year by an amendment to the New York Civil Practice Law and Rules, effective September 1, 1966. *See* Annotation, *Products Liability - --Jurisdiction*, 19 A.L.R.3d 13, § 8(b) (1968). Although the pre-1966 New York provision was taken verbatim from Illinois' influential long arm statute---Ill. Rev. Stat., c. 110, § 17 (1963)---*see Longines-Wittnauer, supra*, at 84 (Desmond C.J., concurring), the New York Court of Appeals nonetheless declined to adopt Illinois' construction of the provision. The Illinois Supreme Court had earlier held in *Gray v. American Radiator & Standard Sanitary Corp.*, 176 N.E.2d 761, (Ill. 1961) that a tortious act within the meaning of the statute was committed in Illinois even though the only contact the defendant manufacturer had with Illinois was the occurrence of the injury there. Rejecting the manufacturer's argument that the legislature, by employing the term "tortious act," rather than the term "tort," referred only to the act or conduct, separate and apart from any consequences thereof, the Court said that to be tortious, an act must cause injury and that the concept of injury was an inseparable part of that phrase; and that the legislative intent should be determined less from technicalities of definition than from considerations of general purpose and effect. *Id.* at 763.

piping. This work was done according to certain plans and specifications provided to University by or for Ralston Purina. The piping provided compressed air and hydraulic fluid to the conveyor as well as certain liquids used in the canning process. Except for some subsequent adjustments to the piping, University heard no more of the conveyor system until sometime in 1988 when it found itself involved with a claim filed in San Diego alleging, among other things, someone's injury in American Samoa as a result of the conveyor system's faulty design and manufacture. University was neither aware of, nor had anything to do with, the removal of the conveyor system to a cannery in American Samoan. At the same time, University has neither done nor sought business in the territory.

### Discussion

The cases have said that in order to properly assert personal jurisdiction over a nonresident, two conditions must be met: the forum's long-arm statute must permit the exercise of jurisdiction under the particular facts of the case, and that the exercise of jurisdiction must be consistent with the demands of due process. *See Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982); *Greenspun v. Del E. Webb Corporation*, 634 F.2d 1204 (9th Cir. 1980); *Luckett v. Bethlehem Steel Corp.*, 818 F.2d 1373 (10th Cir. 1980); *see also* 2 J. Moore, Moore's Federal Practice, ¶ 4.41-1[3] at 4-443 et seq. (2d. ed. 1985). Even if we rejected University's first argument and concluded that the facts here brought the case within the ambit of the territory's long-arm statute, we think that the assertion of jurisdiction in the present matter would not be consistent with the demands of due process. For reasons indicated below we grant the motion.

In order to subject a nonresident defendant to a judgment *in personam*, due process requires that he have "certain minimum contacts [with the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In denying a Florida court's assertion of jurisdiction over a Delaware trust account, the Supreme Court in *Hanson v. Denckla*, 357 U.S. 235 (1958), stated that:

> . . . it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum

State, thus invoking the benefits and protection of its laws.

*Id.* at 253. The Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), spoke of this "purposeful availment" as ensuring that a defendant will not be hauled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person." *Id.* at 475. (citations omitted). The Court further explained that "[j]urisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state." *Id.* (quoting *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957) (emphasis in original)). Most recently, in *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987), the Court further elaborated that the "substantial connection" required by *Burger King* and *McGee*, "between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.*" *Id.* at 112. (emphasis in original).

Applying these guidelines to the relevant facts here, the contacts between the defendant and the territory are at best tenuous, if not outright imaginary, from a due process stance. We reject any suggestion to the effect that the installation of piping to a conveyor system for a cannery in San Diego constituted an act whereby University "purposefully avails itself of the privilege of conducting activities within . . . [American Samoa], thus invoking the benefits and protection of its laws." *International Shoe Co., supra.* As noted above, the conveyor system was neither designed nor manufactured by University. This defendant's sole involvement with the conveyor system was the installation of piping in accordance with plans produced by a third party specifying the particular needs of a cannery in San Diego. From University's point of view, the conveyor system's presence in American Samoa is tantamount to nothing more than that sort of "random," "fortuitous," or "attenuated" contact resulting from the "unilateral activity of a . . . third party," which due process disallows as being a sufficient basis to hale a defendant before a foreign jurisdiction. *Burger King, supra.* Furthermore, the conveyor system hardly qualifies as a product of University, and its involvement with the installation of piping in accordance with some third parties' specifications is hardly "an action of the defendant purposefully directed towards . . . [American Samoa]." *Asahi Metal Industry Co., supra.*

100

*Conclusion*

The complaint against University Industries, Inc., is dismissed for want of personal jurisdiction.

It is so Ordered.