**John C. JOHNSON, Jr., on behalf of Himself and Derivately on Behalf of Everex Systems, a Delaware Corporation, Plaintiff,**

**v.**

**Steven L.W. HUI, John A. Lee, Michael C.Y. Wong, Michael G. Everitt, Gregory M. Avis, Raymond Yu, Robert G. Teal, Gabriel T.W. Chan, Gatcombe Corporation N.V., and Aciest Company, Ltd., Defendants,**

**and**

**Everex Systems Inc., a Nominal Defendant.**

**No. C90–1853 DLJ.**

United States District Court, N.D. California.

Nov. 21, 1990.

---

William S. Learch, Milberg Weiss Bershad Specthrie & Learch, San Diego, Cal., Eugene A. Spector, John F. Innelli, Eugene A. Spector & Associates, Philadelphia, Pa., for plaintiff.

Norman J. Blears, Vanessa Wells, Heller, Ehrman, White & McAuliffe, Palo Alto, Cal., for defendants.

## ORDER

THELTON E. HENDERSON, Chief Judge.

A shareholder has brought a derivative suit against the directors of a corporation for allegedly trading on inside information. The corporation moves to dismiss the complaint for the shareholder's failure to make demand, which the shareholder argues would have been futile.

For the reasons below, the motion to dismiss is denied.

## I. BACKGROUND

The defendant, Everex Systems, Inc., is a Delaware corporation with principal offices in California. Everex designs, manufactures, and markets personal computer systems and peripheral equipment. Everex stock has been traded on the national over-the-counter market since 1987.

The complaint alleges that on three occasions Everex directors, among others, have sold their shares in the corporation using inside information: twice in 1989, after the release of favorable quarterly financial results, and once in 1990, after the release of an unfavorable forecast of future results and the subsequent release of unfavorable results. These sales were illegal, avers the complaint, because the directors knew or should have known early in 1989 that Everex would have less favorable results toward the end of the year; thus, the directors allegedly used inside information to sell their shares at a temporarily inflated price, far above what the stock currently trades for. The complaint accuses the directors of underreporting their sales in an effort to maintain the facade of a financially healthy corporation.

The complaint names eight individuals and two business associations as defendants. The business associations are shareholders in Everex and allegedly traded on inside information. The eight individuals are current or past directors of Everex; several are officers. Six current or past directors allegedly traded on inside information. Two current directors, Teal (director since 1987) and Chan (director since June 1989), allegedly aided and abetted the other defendants by not disclosing to the public the unfavorable inside information on which the others allegedly profited.

Johnson, an Everex shareholder, brought this action, based on diversity, on behalf of Everex pursuant to Fed.R.Civ.P. 23.1. The complaint alleges (1) breach of fiduciary duty by engaging in insider trading and (2) insider trading under Cal.Corp.Code § 25402. Everex has moved to dismiss the derivative complaint on the grounds that Johnson should have made a demand on the corporation to bring the action in its own right because such a demand would not have been futile; further, this Court should in any event follow the Seventh Circuit in abolishing the futility exception to the demand requirement. Johnson argues that a demand would have been futile and should, therefore, be excused.

## II. DISCUSSION

### A. The Legal Standard

■ Fed.R.Civ.P. 23.1 sets forth the requirements for derivative suits. The parties' dispute concerns only one requirement.

> The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority ... and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

Rule 23.1 thus codifies the long-standing requirement that a plaintiff who pursues the extraordinary remedy of a derivative suit make demand upon his corporation's directors. *See, e.g., Lewis v. Graves*, 701 F.2d 245, 247 (2d Cir.1983). This requirement is not merely a technical pleading hurdle; it is based on a fundamental tenet of American corporate law that places the responsibility for making decisions in the hands of the board of directors. *In re BankAmerica Securities Litigation*, 636 F.Supp. 419, 420 (C.D.Cal.1986). Only when plaintiff shareholders show that the directors cannot or will not exercise this

power is deviance from this tenet justified. *Id.*

The Ninth Circuit has long held that demand need not be made on the directors where such a demand would be futile, useless, or unavailing. *E.g., DePinto v. Provident Security Life Ins. Co.*, 323 F.2d 826, 830 (9th Cir.1963) (analyzing the predecessor to Rule 23.1) (quoting *Cathedral Estates, Inc. v. Taft Realty Corp.*, 228 F.2d 85, 88 (2d Cir.1955)). Other jurisdictions, too, have adopted the futility test, though the definition of futility varies.

■ Johnson argues that California law controls the demand futility issue. That is, although the suit was brought pursuant to Fed.R.Civ.P. 23.1, this Court must look to California's substantive law to determine the procedural status of the case, i.e. whether demand was futile. The Ninth Circuit has rejected this argument.

> In diversity actions, the characterization of an action as derivative or direct is a question of state law.... Once state law characterizes the action as either derivative or direct, *the applicable procedural rules are determined by federal law....* In federal courts, derivative suits are subject to the procedural requirements of Rule 23.1.

· *Sax v. World Wide Press, Inc.*, 809 F.2d 610, 613 (9th Cir.1987) (citations omitted) (emphasis added). Thus, the procedural requirements of Rule 23.1 are to be determined by federal law alone. This holding is in accord with *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1208–10 (9th Cir.1980), in which the court implicitly rejected state law by analyzing only federal law to determine the futility issue. (*See Starrels v. First Nat'l Bank of Chicago*, 870 F.2d 1168, 1170 n. 4 (7th·Cir.1989) (cites *Greenspun* in noting that in the Ninth Circuit, federal law apparently controls both the pleading requirement and the underlying demand requirement).) *In re BankAmerica Securities Litigation, supra*, 636 F.Supp. at 421, on the contrary, holds that the substantive law of the state of incorporation should govern whether demand is sufficient or excused; but that case was decided before *Sax* endorsed what

was implicit in *Greenspun*. Thus, this Court need look only to the Ninth Circuit's interpretation of Rule 23.1 to determine whether demand would have been futile.

**B. Whether Demand on Everex Would Have Been Futile**

Johnson argues that demand would have been futile for essentially three reasons.

(1) To bring this action, the directors would have to sue themselves. The directors are interested parties and incapable of deciding whether to bring this action.

(2) Such acts are incapable of ratification.

(3) The directors engaged in illegal activities.

Paragraph 22 of the Complaint.

■ *First reason.* The first reason is insufficient. "Plaintiff's assertion that demand is futile merely because all the members of the board are named as defendants has been rejected by every circuit court that has considered the issue. [citations to 1st, 2d, and 3d Circuits omitted] and is rejected by this court." *Lewis v. Sporck*, 612 F.Supp. 1316, 1323 (N.D.Cal.1985). One of the cases the court cited explains why.

> The single fact that the plaintiff named as defendants more than a majority—in this case all—of [the corporation's] then serving directors in our view falls short of excusing demand.... To construe it as sufficient would mean that plaintiffs could readily circumvent the demand requirement merely by naming as defendants all members of the derivative corporation's board. Permitting plaintiffs to employ this tactic would eviscerate Rule 23.1.... Plaintiff unpersuasively argues that—like magic—naming all of [the corporation's] directors as defendants caused the demand requirement to vanish.

*Lewis v. Graves, supra*, 701 F.2d at 249.

■ *Second Reason.* The second reason also is insufficient. "The contention that demand is futile because the acts complained of are illegal and, therefore, incapable of ratification misses the point of the

demand requirement. Ratification is not the only option; the board must be given a fair opportunity to decide whether the corporation itself should bring the suit." *Lewis v. Sporck, supra,* 612 F.Supp. at 1322–23.

■ *Third Reason.* The third reason would be insufficient if the defendant directors had been accused of garden-variety wrongdoing. But the fact that a majority of them is accused of insider trading makes this reason sufficient.

> Futility requires ... more than mere approval or participation by directors in alleged wrongful conduct: "[w]here mere approval of corporate action, absent self-interest or other indication of bias, is the sole basis for establishing the director's 'wrongdoing' and hence for excusing demand on them, plaintiff's suit should ordinarily be dismissed." [*In re Kauffman Mutual Fund Actions,* 479 F.2d 257 (1st Cir.1973), *cert. denied,* 414 U.S. 857 [94 S.Ct. 161, 38 L.Ed.2d 107] (1973)] at 265. Such bias appears where there is an allegation that the directors have participated in a transaction "completely undirected to a corporate purpose." *Id.* at 265. *Accord, Heit v. Baird,* 567 F.2d 1157, 1160 (1st Cir.1977).

*Greenspun, supra,* 634 F.2d at 1210. After quoting this passage and reviewing the cases cited therein, the *Lewis v. Sporck* court found that "whether an act was 'completely unrelated to a corporate purpose' depends on whether or not the act benefited the directors personally at the expense of the corporation. If the act yielded only a personal benefit to the directors, then a presumption of bias is raised". *Lewis v. Sporck, supra,* 612 F.Supp. at 1322.

Six of the eight defendant directors are accused of profiting from insider trading. Undoubtedly, then, the basis for claiming futility is the directors' self-interest or bias. The transactions in which they allegedly participated are completely unrelated to a corporate purpose, because the alleged trades would have yielded a personal benefit to the trading directors at the expense of both the corporation's new shareholders and the corporation's reputation.

It is not significant that two of the eight defendant directors are not accused of self-dealing: since the majority of the Board is so accused, demand on the Board as a whole should be excused. The two cases cited in *Greenspun* and reviewed in *Lewis v. Sporck* support this conclusion. *Heit v. Baird,* 567 F.2d 1157, 1160 (1st Cir.1977) ("The plaintiff must show ... that a majority of the board at the time of suit were so implicated in the complained of acts as to make a demand for redress futile."); *In re Kauffman Mutual Fund Actions,* 479 F.2d 257, 264 (1st Cir.1973) ("Were there a majority, this is a particularity from which a conclusion of control might follow.").

■ *Formalities.* Everex argues that even if the above reasoning were appropriate, Johnson has not satisfied Rule 23.1's requirement that the complaint allege "with particularity" the reasons demand was not made. This was not done, Everex argues, because Johnson's reasons for not making demand, set forth in ¶ 22 of the complaint, are insufficient without reference to the facts alleged in the rest of the complaint; that is, the allegations as to the directors' self-interest or bias do not appear in ¶ 22.

Surely we are beyond such meaningless formalities. Johnson did not address this issue in ¶ 22 specifically, but the relevant information is easily drawn from the complaint as a whole. In *Pioche Mines Consolidated, Inc. v. Dolman,* 333 F.2d 257 (9th Cir.1964) (analyzing the predecessor to Rule 23.1), the court noted that, although the complaint did not set forth with particularity the efforts made to secure the desired action from the directors, *id.* at 264, nevertheless the complaint, an affidavit, and the amended complaint together made allegations sufficient to show that demand upon the directors or stockholders would have been futile, *id.* at 265. In this case, the complaint alone, if not ¶ 22, shows futility.

■ *The Special Litigation Committee.* Everex further argues that the above conclusion is inappropriate because it does not take into account the possibility of the

Board's having created a Special Litigation Committee (SLC).

A corporation does have the right to create a SLC to determine the worthiness of a derivative suit.

A special litigation committee may be created before or after a derivative suit has been filed. The full board creates the committee and staffs it with directors who are not implicated in the derivative suit. This is consistent with the broadly permissive scope of contemporary corporate statutes governing corporate executive committees.... The committee must determine whether prosecution of a derivative suit is in the corporation's best interest. It is empowered to take any steps reasonably necessary to implement its decision, and usually instructs corporate counsel to prosecute the suit or to move for its dismissal.

James D. Cox, *Searching for the Corporation's Voice in Derivative Suit Litigation*, 1982 Duke L.J. 959, 961 n. 9.

There is no question that Everex could have created a SLC to respond to a shareholder's demand on the Board, and there is no question that Everex could create a SLC to try to halt litigation already in progress. Everex did not have the opportunity to pursue the first course of action, and it still may pursue the second. The question here is whether Everex's *potential* creation of a SLC is sufficient to show *actual* non-futility of demand. That is, may Everex get around the Ninth Circuit's rule on demand futility by claiming that it *could have* created a SLC?

Everex's line of argument is disingenuous. Everex correctly argues that courts have accepted the dismissal recommendation of a one- or two-person committee, and it claims that, even if demand had been futile as to the six allegedly self-dealing directors, demand would not have been futile as to the Board, because the Board could have created a SLC whose members were Teal and Chan—the only directors not accused of self-dealing. But, in fact, it does not matter whether Teal and Chan were accused of self-dealing. "Even a board composed entirely of alleged wrong-doers—one on which a demand would obviously be futile—may appoint a special litigation committee after electing the prospective members as directors." Mark D. Seidelson, *Variations on the Theme of Shareholder Derivative Actions*, 57 Geo. Wash.L.Rev. 363, 366 (1988). Thus, Everex could have created a SLC of new directors even if *all* its original directors had been accused of insider trading.

But if even a completely self-dealing Board may create a SLC, allowing a corporation's potential creation of a SLC to show actual non-futility of demand means that demand can never be futile. Everex's argument inevitably leads to the conclusion that the institution of the SLC must eliminate the futility exception. No wonder, then, that Everex explicitly argues elsewhere in its briefs that this Court should follow a recent Seventh Circuit ruling, *Kamen v. Kemper Financial Services, Inc.*, 908 F.2d 1338 (7th Cir.1990), which abolishes the futility exception to the demand requirement.

■ This Court believes that demand futility should be considered apart from the institution of the SLC. In other words, demand futility should be determined by considering the Board as it was constituted when demand might have been made on it, and not by considering the effect of a SLC that never existed. There is no reason to overturn the Ninth Circuit's approach to demand futility; despite the recent Seventh Circuit ruling, it is not apparent that the Ninth Circuit has any intention of abolishing the futility exception to the demand requirement. *See, e.g., In re BankAmerica Securities Litigation, supra*, 636 F.Supp. at 422. Since following Everex's line of argument would in effect abolish the futility exception, this Court will continue to follow the rule that, where a majority of the Board is accused of self-dealing, demand is excused. Everex's motion must be denied.