NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WEIRD SCIENCE, LLC; WILLIAM ANDERSON WITTEKIND, derivatively on behalf of Renovaro Biosciences, Inc.,

　　　　Plaintiffs - Appellants,

　v.

RENE SINDLEV; MARK DYBUL; GREGG ALTON; JAMES SAPIRSTEIN; JAYNE MCNICOL; HENRIK GRONFELDT SORENSEN; PASECO APS; OLE ABILDGAARD; KARSTEN REE HOLDING I APS; KARSTEN REE HOLDING B APS; KARSTEN REE; PO-MA INVEST APS; TBC INVEST AS; TORBEN BJORN CHRISTENSEN; K&L GATES, LLP; CLAYTON E. PARKER; LINCOLN PARK CAPITAL FUND, LLC; RS GROUP APS; RS BIO APS; RENOVARO, INC.; CAROL L. BROSGART; AVRAM MILLER; KAREN BRINK; YALLA YALLA, LTD.; DOES, 1-10; CARL L. BROSGART,

　　　　Defendants - Appellees.

No. 24-7251

D.C. No.
2:24-cv-00645-HDV-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Hernan Diego Vera, District Judge, Presiding

Argued and Submitted February 12, 2026
Pasadena, California

Before: WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Stockholders Weird Science, LLC (Weird Science) and William Anderson Wittekind (collectively with Weird Science, Plaintiffs) appeal from the district court's dismissal of their derivative complaint against Defendants-Appellees Renovaro Biosciences, Inc. (Renovaro), former Renovaro board members and officers (Renovaro Board), various Renovaro investors and holding companies, and Renovaro's outside legal counsel (collectively, Defendants) without leave to amend pursuant to Federal Rule of Civil Procedure 23.1 and Delaware law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review "district court determinations regarding the demand requirement for derivative actions . . . for abuse of discretion." *Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008); *see also Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1208 (9th Cir. 1980). "We review the denial of leave to amend a complaint for abuse of discretion, but review de novo the futility of amendment." *Schwartz v. Miller*, 153 F.4th 918, 926 (9th Cir. 2025).

1.      The district court did not abuse its discretion in dismissing Plaintiffs' derivative action for failure to comply with the demand requirements of Federal Rule of Civil Procedure 23.1 and Delaware law.

Under Delaware law, a stockholder wanting to bring a derivative action on behalf of the corporation has two options: (1) make a pre-suit demand on the corporation's board of directors; or (2) plead particularized facts showing why demand would have been futile and is thus excused. *See Spiegel v. Buntrock*, 571 A.2d 767, 773–75 (Del. 1990); *see also* Del. Ch. Ct. R. 23.1; Fed. R. Civ. P. 23.1. A stockholder, however, may not do both. *See Spiegel*, 571 A.2d at 775; *see also Dahle v. Pope*, No. 2019-0136-SG, 2020 WL 504982, at *6 (Del. Ch. Jan. 31, 2020) (unpublished opinion) ("These options are mutually exclusive: a stockholder is not permitted to have his cake and litigate it, too." (footnote omitted)). But that is precisely what Plaintiffs did here. As the district court properly found—and Plaintiffs do not challenge on appeal—Plaintiffs made a pre-suit demand on the Renovaro Board on January 19, 2024. Despite having made their pre-suit demand, on January 23, 2024, Plaintiffs filed this derivative action alleging that demand on the Renovaro Board would be futile. And Plaintiffs again alleged demand futility in their first amended complaint. This is a clear violation of Delaware law. *See Spiegel*, 571 A.2d at 775; *see also* Del. Ch. Ct. R. 23.1; Fed. R. Civ. P. 23.1. Accordingly, the district court did not err in dismissing Plaintiffs' first amended complaint on these grounds.[1]

---

[1] While Plaintiffs pleaded demand futility in their first amended complaint, they argued on appeal that their derivative action survives dismissal because they pleaded wrongful refusal in the alternative. But Plaintiffs' first amended complaint

2.    The district court also did not abuse its discretion in denying Plaintiffs leave to amend.  Because filing a derivative action alleging demand futility after making a pre-suit demand is an incurable violation of Delaware law, the district court's dismissal without leave to amend was appropriate.  *See Spiegel*, 571 A.2d at 773–75; *see also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (explaining that a district court may refuse to grant leave to amend when "amendment 'would be an exercise in futility'"—i.e., when "it is clear . . . that the complaint could not be saved by any amendment" (citations omitted)).

**AFFIRMED**.

---

is devoid of allegations of wrongful refusal.  And in any event, Delaware law prohibits Plaintiffs from filing a derivative action alleging demand futility after making a pre-suit demand for corrective action.  *See Spiegel*, 571 A.2d at 775.